

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 18, 1977

Honorable Joe Resweber
Harris County Attorney
Houston, Texas 77002

Opinion No. H- 982

Re: Authority of county
treasurer with respect to
payment of jurors.

Dear Mr. Resweber:

You have requested our opinion on the legality of a
procedure adopted by the Harris County Commissioners Court
for payment of jurors by the district clerk. This procedure
requires the establishment of a District Clerk's Special Juror
Account Fund by the transfer of money from the Harris County
Jury Fund. Checks from the Special Juror Account Fund are to
be signed only by the district clerk or his deputy. The
county treasurer is to make weekly payments out of the Jury
Fund to the District Clerk's Special Juror Account Fund, but
has no other responsibility for paying jurors under the con-
templated procedure. You ask the following questions:

1.  May the District Clerk, rather than the Treasurer,
    open the Special Account?

2.  Do the statutes require the signature of the
    Treasurer on jury checks?

3.  Must the Treasurer make delivery of all checks
    to jurors?

Article 2122, V.T.C.S., provides in pertinent part:

> (a) . . . The commissioners court of each
> county shall determine annually, within the
> minimum and maximum prescribed in this sub-
> section, the amount of per diem for jurors,
> which shall be paid out of the jury fund of
> the county.

> (b) A check drawn on the jury fund by the
> clerk of the district court of a county may
> be transferred by endorsement and delivery
> and is receivable at par from the holder for
> all county taxes.

(Emphasis added).  Article 2122 provides for payment of jurors
by check drawn by the district clerk on the jury fund.  Attorney
General Opinions H-590 (1975) and M-659 (1970).  We believe that
article 2122 requires payment of jurors from the statutorily
authorized jury fund and not from a special fund entrusted to
the district clerk.  Although the commissioners court may under
some circumstances establish special funds and make payments
from them in exercise of its granted powers, see Attorney General
Opinions H-590 (1975) and M-774 (1971), we do not believe it may
do so when a statute directs payment from a particular fund.  We
note that article 1709 provides in part:

> The County Treasurer, as chief custodian
> of county finance, shall receive all moneys
> belonging to the county . . . and pay and
> apply or disburse the same, in such manner
> as the Commissioners Court may require or
> direct, not inconsistent with constituted law.

(Emphasis added).  We believe the establishment of a Special
Juror Account Fund under the control of the district clerk is
inconsistent with the statutes, and accordingly we answer your
first question in the negative.

The provisions bearing on the duties of the county
treasurer are gathered together in article 1709a.  Attorney
General Opinion H-171 (1973).  An examination of this statute
discloses the proper method for payment of jurors:

> Sec. 4. . . . the County Treasurer in each
> county shall disburse all moneys belonging
> to the county, for whatever purpose they
> may be claimed, and shall pay and apply the
> same as required by law.  No moneys shall be
> expended or withdrawn from the county
> treasury except by checks or warrants
> drawn on the county treasury . . . .
>
>      . . . .

> (d) Warrants: It shall be the duty of the County Treasurer, upon presentation to him of any warrant, check, voucher, or order drawn by the proper authority, if there be funds sufficient for payment thereof on deposit in the account against which such warrant is drawn, <u>to endorse upon the face of such instrument his order to pay same</u> to payee named therein and to charge the same on his books to the fund upon which it is drawn as provided in Article 2554. . . .
>
>      . . . .
>
> (f) In each county having an auditor, the County Treasurer and the depository shall make no payment unless the such warrant is countersigned by the auditor. . . .
>
> (g) <u>The only exception to the auditors' countersigning is that of warrants for jury service</u>. . . .

(Emphasis added). Attorney General Opinion M-657 (1970) concluded that under these provisions, the county treasurer is the proper official to deliver jury checks to the payee. In Attorney General Opinion H-590 (1975) we approved the holding of M-657 and also concluded that the treasurer must endorse checks drawn upon the jury fund before they could be paid. The language of article 1709a, sections 4(d), (f) and (g) is especially noteworthy, since it specifically includes warrants for jury service among the warrants to be signed by the treasurer. We believe that Attorney General Opinions M-657 and H-590 were correctly decided and require that we answer your second and third questions in the affirmative.

## S U M M A R Y

> Harris County must pay jurors from its jury fund, and not from a separate fund entrusted to the district clerk. The county treasurer must sign jury checks, and he is the proper person to deliver checks to jurors.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml